## BOARD OF COMMISSIONERS OF THE COUNTY OF WHITE *v.* KENT.

[No. 10,875.   Filed June 3, 1921.]

HIGHWAYS.—*Construction.— Independent Work.— Action.— Complaint.—Sufficiency.*—In an action against a county board of commissioners by a contractor having the contract for the construction of a road under the three-mile road law, a complaint seeking recovery for independent work on the building of a stone wall intended to prevent the washing away of an embankment, etc., *held* to state a cause of action, in view of §7754 *et seq.* Burns 1914, Acts 1913 p. 877, making it the duty of the county, through its board of commissioners, to keep in repair the highways of the county, the work involved not being extra work under the original contract, but entirely independent thereof, and of such a character as to prevent threatened damage to the road which would necessitate repairs by the county under such statute.

VOL. 76—3

From White Circuit Court; *William Darroch*, Special Judge.

Action by Laurie T. Kent against the Board of Commissioners of the County of White. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George W. Kassabaum*, for appellant.

*E. B. Sellers*, for appellee.

ENLOE, C. J.—The appellant, in August, 1912, upon petition duly filed, ordered the improvement of one of the public highways of said county under the three-mile road law by improving the same with stone, etc., said improved highway being known as the Chas. E. Gay stone road. At the May 1913, meeting of said appellant, the appellee submitted his bid for improving said highway according to the plans and specifications adopted therefor which bid was, by appellant, accepted, and on June 3, 1913, appellee duly entered into a contract with appellant for the construction of the road. It also appears that said highway crosses a certain stream known as Spring creek, and that the course of said stream was such that the north side of the west embankment to the bridge across said stream was and would be in great danger of washing and thus injuring said embankment and roadway; that at the November term, 1913, of appellant, a contract was entered into between appellant and appellee, whereby appellee agreed to build a stone wall on the north side of said approach to prevent such washing, and appellant agreed to reimburse and pay him for the cost of the labor and the materials to so build said wall; that appellee had said wall built as agreed upon and rendered a statement to appellant of the cost of labor and materials thereof, amounting to the sum of $42.

It also further appears that at the February term, 1914, of appellant, the appellee and appellant entered

into a further contract for the building of certain fences, as a further protection to the embankment of said roadway at the bridge aforesaid, and appellant agreed to pay and reimburse appellee for the cost of all labor and materials used in constructing said fences; that appellee duly built said fences, as agreed upon, and rendered a statement to appellant of the cost thereof, amounting to the sum of $100.45.

It also further appears that at the May term, 1914, of appellant, the appellee and appellant entered into a further contract for the placing of certain drain tile in said highway, the better to drain and protect said roadway, and appellant agreed to pay and reimburse appellee for the cost of all labor and materials used in constructing said drains; that appellee duly constructed said drain, as agreed upon, and rendered a statement to appellant of the cost thereof, amounting to the sum of $114.52.

It further appears that the work done under each and all of said three special contracts was no part of the work done or to be done by appellee under his said contract of June 3, 1913, for the construction of said road, but were each and all independent contracts.

A claim in three paragraphs, covering said three special contracts, was first filed with the appellant board, and by appeal taken to the White Circuit Court. A demurrer for want of facts interposed by appellant was overruled, and it electing to abide by said ruling, suffered judgment to be rendered against it, from which this appeal is prosecuted. The error assigned is the overruling of said demurrer.

The complaint in each paragraph, contained the usual and necessary formal allegations, not necessary to be set out in this opinion, as it is not contended that said complaint is in any way deficient as to such allegations.

The issue, as to the sufficiency of the complaint in

this case is clear cut, and depends upon the construction of said complaint as to the theory thereof. The appellant insists that the averments of the complaint show that the work done and for which pay is demanded in this suit, was simply "extra work," appertaining to the original construction contract, and that the appellant was simply acting as the representative of the taxing unit at whose expense said road was constructed, and not as the agent of White county; and the demurrer should therefore have been sustained.

The appellee insists that the facts pleaded show that the said work so done was not "extra work," and was entirely independent of said original contract, and that appellee is therefore entitled to be reimbursed for his expenses incurred in doing said work.

Section 7754 *et seq.* Burns 1914, Acts 1913 p. 877, makes it the duty of the county, acting through its board of commissioners and highway superintendent, to keep in repair the public highways and bridges of the county. After the road in question had been completed by appellee, according to his original contract, the burden of keeping the same, including the bridges and embankments, in repair would at once fall upon White county. This the commissioners knew. They could, if they had so chosen, permitted the appellee to entirely complete his said contract, and suffered the waters from said stream to wash against said embankment, and materially impair, if not destroy the same, and then have the damage so done repaired at county expense. Had they followed this course, no question as to liability could reasonably have arisen. As good stewards of the county they seem to have recognized the practical wisdom of the maxim that, "an ounce of prevention is worth a pound of cure," and prevented the threatened injury by having the preventive work done at a seasonable time. In this they are to be commended. We

think the trial court put a correct construction upon said complaint. We can see no reasonable excuse for this appeal. The judgment is affirmed with ten per cent. damages.